IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TOM ROGERS**, *et al.*, on behalf of himself and the class of all others similarly situated, | : CIVIL ACTION NO. 1:22-CV-159 <br> : <br> : (Judge Conner) <br> : |
| **Plaintiffs**, | : |
| v. | : <br> : |
| **ACTION LAB ENTERTAINMENT** and **BRYAN SEATON**, | : <br> : <br> : |
| **Defendants** | : |

# ORDER

AND NOW, this 10th day of July, 2023, upon consideration of the court's order (Doc. 27) dated February 2, 2023, addressing defendants' motion (Doc. 12) to dismiss plaintiffs' amended complaint for lack of jurisdiction, improper venue, and failure to state a claim upon which relief can be granted, wherein we acknowledged the colorable arguments raised in defendants' motion, including the potential lack of proper venue in this judicial district, but construed plaintiffs' opposition brief as a request for leave to amend to cure any alleged deficiencies, granted the request as so construed, and granted plaintiffs until March 8, 2023, to file a second amended complaint, as well as our subsequent order (Doc. 28) dated May 9, 2023, wherein we noted plaintiffs' failure to file an amended complaint; established May 23, 2023, as the final deadline for filing same; and warned plaintiffs we would construe failure to file an amended complaint as plaintiffs' election to stand on their first amended complaint, (see Doc. 28 ¶¶ 1-2), and the court, in light of plaintiffs' failure to file an amended complaint by the extended deadline, construing that failure as plaintiffs'

election to stand on the amended complaint, and the court noting defendants Action Lab Entertainment ("Action Lab") and Bryan Seaton move to dismiss plaintiffs' amended complaint for, *inter alia*, improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a),[1] (see Doc. 13 at 2, 12-19), and observing dismissal under Rule 12(b)(3) is authorized only when the instant venue is "wrong" or "improper," see Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 55 (2013) (citing 28 U.S.C. § 1406; FED. R. CIV. P. 12(b)(3)), and the burden is on defendants to prove the instant venue is improper, see Great W. Min. & Min. Co. v. ADR Options, Inc., 434 F. App'x 83, 86 (3d Cir. 2011) (nonprecedential) (citing Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982)), and the court finding, as a preliminary matter, the Middle District of

---

[1] Courts may only resolve motions pursuant to 28 U.S.C. § 1406(a) after establishing subject matter jurisdiction. See Rubin v. Mangan, No. CV 19-5301, 2021 WL 617662, at *3 n.2 (E.D. Pa. Feb. 17, 2021) (citing, *inter alia*, 14D CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3827 (4th ed.)); Spiniello Cos. v. Moynier, No. CIV. 2:13-5145, 2014 WL 7205349, at *6 (D.N.J. Dec. 17, 2014) (same). Defendants move to dismiss plaintiffs' amended complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, (see Doc. 13 at 9-12), but concede plaintiffs' claim for copyright infringement under 17 U.S.C. § 501 gives rise to federal question jurisdiction for threshold purposes, (see Doc. 15 at 4). They predicate their motion under Rule 12(b)(1) on our first dismissing plaintiffs' infringement claim on the merits pursuant to Rule 12(b)(6). (See id.) We preserve any merits analysis of plaintiffs' claims and all other issues raised in defendants' motion for disposition by the transferee court. See, e.g., Crayola, LLC v. Buckley, 179 F. Supp. 3d 473, 477 (E.D. Pa. 2016) (collecting cases); All in One Networking, Inc. v. Fla. House Experience Mgmt. Corp., No. CV 18-2796, 2019 WL 481172, at *1 (E.D. Pa. Feb. 7, 2019) (quoting Crayola, 179 F. Supp. 3d at 477).

Pennsylvania is not a proper venue for hearing the matter *sub judice*,[2] but further observing district courts, upon motion or *sua sponte*, may transfer a case filed in

---

[2] Under 28 U.S.C. § 1391, venue is proper in any judicial district in which (1) "any defendant resides, if all defendants reside in the same State;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." See 28 U.S.C. § 1391(b). We "accept as true all of the allegations in the complaint" unless the defendant submits evidence contradicting those allegations. See Bockman v. First Am. Mktg. Corp., 459 F. App'x 157, 158 n.1, 161-62 (3d Cir. 2012) (nonprecedential) (citations omitted). The parties agree the instant venue is only proper if Action Lab "resides" in the Middle District of Pennsylvania as Section 1391 defines that term. (See Doc. 13 at 7, 12-19; Doc. 14 at 6-9; Doc. 15 at 4-6; see also Doc. 8 ¶ 54). When a corporation is subject to personal jurisdiction in a state like Pennsylvania with multiple federal judicial districts, the corporation is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." See 28 U.S.C. § 1391(d). Hence, our inquiry is whether the Middle District could, if it were a state, assert personal jurisdiction over Action Lab.

There is no dispute that Action Lab—incorporated in Pennsylvania—is subject to personal jurisdiction in this state. (See Doc. 13 at 7, 18; Docs. 12-4, 12-5). Rather, defendants argue plaintiffs have not established personal jurisdiction over Action Lab in this district. (See Doc. 13 at 12-19; Doc. 15 at 4-6). They submit records substantiating Action Lab's incorporation and principal place of business in the Western District, and an affidavit from Seaton, Action Lab's president, asserting it does not do business or have customers in the Middle District and has paid no sales taxes to the Commonwealth in the last six years. (See Doc. 12-2 ¶¶ 11-12, 18-20, 32; Docs. 12-3, 12-4, 12-5, 12-6). Defendants' evidence facially establishes general jurisdiction over Action Lab in the Western District, (see Doc. 12-2 ¶¶ 11-12, 18-20, 32; see also Docs. 12-3, 12-4, 12-5, 12-6), and Seaton's assertions support none of the conduct underlying plaintiffs' claims—particularly their infringement claim—took place in this district. Plaintiffs contest the accuracy of defendants' depictions of Action Lab's business activities, (see Doc. 14 at 7-8), but submit neither evidence nor legal argument establishing that the Middle District, if it were a state, would possess personal jurisdiction over Action Lab. Absent any meaningful effort to counter defendants' evidence, we are constrained to find defendants have met their burden to show the Middle District could not, if it were a state, assert personal jurisdiction over Action Lab. See Bockman, 459 F. App'x at 161-62 (defendants satisfied burden to show improper venue because plaintiff failed to rebut defense evidence); Leor v. Gil, No. 15-732, 2016 WL 1718222, at *7 (D. Del. Apr. 27, 2016) (same). Hence, we conclude the instant venue is improper.

"the wrong . . . district" to "any district . . . in which it could have been brought" if doing so serves "the interest of justice," see 28 U.S.C. § 1406(a); Decker v. Dyson, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (nonprecedential) (citing 28 U.S.C. § 1406(a)), and the court concluding transferring the above-captioned matter to the Western District of Pennsylvania serves the interest of justice,[3] it is hereby ORDERED that:

1. Defendants' motion (Doc. 12) to dismiss is GRANTED solely to the extent the court agrees venue is improper in this judicial district. The motion (Doc. 12) is DEFERRED for resolution by the transferee court in all other respects.

2. The Clerk of Court shall TRANSFER this case to the United States District Court, Western District of Pennsylvania.

3. The Clerk of Court shall thereafter CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

---

[3] Plaintiffs request transfer to the Western District of Pennsylvania should we find venue in this district to be improper. (See Doc. 14 at 9). Defendants do not oppose transfer, (see Doc. 13 at 12), and agree the Western District is a proper venue for hearing this action, (see id. at 18-19). Defendants concede both Action Lab and Seaton are at home in the Western District, (see id. at 7, 14, 18-19; see also Docs. 12-4, 12-5), obviating any problems regarding personal jurisdiction. We also observe dismissal could place plaintiffs' fraud claims at risk of being barred by Pennsylvania's two-year statute of limitations. See LabMD Inc. v. Boback, 47 F.4th 164, 182 (3d Cir. 2022) (citing Beauty Time, Inc. v. VU Skin Sys., Inc., 118 F.3d 140, 148 (3d Cir. 1997)). For these reasons, we conclude transfer to the Western District serves the interest of justice.